No. 19,787.

A. C. MEANS, *Appellee*, v. F. S. KENNEDY, *Appellant*.

SYLLABUS BY THE COURT.

PUBLIC LANDS—*Islands—Not Subject to Entry as School Land.* While chapter 295 of the Laws of 1913 was in force there was no means provided for selling as school land islands which had been surveyed and entered under federal authority more than twenty years before such act took effect.

Appeal from Sedgwick district court, division No. 1; THOMAS C. WILSON, judge. Opinion filed January 8, 1916. Affirmed.

*F. Dumont Smith,* of Hutchinson, for the appellant.

*R. L. Holmes, Charles G. Yankey,* and *W. E. Holmes,* all of Wichita, for the appellee.

The opinion of the court was delivered by

WEST, J.: Plaintiff filed his petition alleging ownership and possession of certain land, that the defendant unlawfully and with force entered and began the erection of a building thereon, and had attempted without due process of law to oust the plaintiff and by force and stealth acquire possession; that the defendant was insolvent, and asked that he be enjoined from further interference with the property. A restraining order was issued, and the defendant filed an answer containing a general denial and alleging that he entered upon a portion of the premises not occupied by the plaintiff for any purpose, either as a residence or for agriculture, and began the erection of a small frame house with the intention of occupying so much of the premises as should be necessary for such house; that the plaintiff had no title to the real estate in question, that his pretended title was derived by mesne conveyances from the United States, and that the United States never had any title thereto; that the land is an island which grew up in the bed of the Arkansas river, its ownership being in the state of Kansas as school land and subject to entry, settlement, occupation and proof as such, and that the defendant entered for the purpose of complying with the school-land law and proving up and obtaining title in accordance therewith; "that this court has no jurisdiction to determine the title to said land upon an injunction suit for the reason above stated; that no injunction order should issue in this cause, for the reasons above stated and for the further reason that plaintiff has an adequate remedy at law by way of ejectment or entry and forcible detainer."

Upon final hearing the injunction was made permanent. The defendant declined to offer any testimony, objected to the introduction of any evidence, and appeals, asserting that as title was involved in the suit the court had no right to proceed without a jury, and that the school-land act (Laws 1913, ch. 295), which took effect February 24, 1913, provides a full, complete and adequate remedy at law, thus taking the suit out of the domain of the court's equitable cognizance.

It was stipulated that the land was surveyed by the United States in 1874 and patented in 1875, and the plaintiff made a *prima facie* showing that it was an island before the admission

of the state. The act of 1913 repealed the act of 1907 (Laws 1907, ch. 378), devoting certain islands to the use of the permanent school fund, and authorized the sale as school land of such islands only as had not been surveyed and entered under the authority of the federal government within twenty years prior to the taking effect of the act. While it is argued that this twenty-year provision of chapter 295, and the whole of chapter 296 of the Laws of 1913 assuming to disclaim as to certain islands, are void—on which we express no opinion—still until its repeal by chapter 322 of the Laws of 1915 neither chapter 295 nor any other statute authorized the sale of islands surveyed and entered under federal authority when the land in controversy was concededly surveyed and patented.

Defendant's theory is that the government had no title and its patent granted none because the island belonged to the state, and neither such governmental action nor such legislative enactment as we have before us can divert the state's title. But even if all this be true, no method existed for selling as school land the island in question. Hence the other very interesting questions arising on the appeal become academic.

The decree is affirmed.